IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01824-CMA-NYW

CELIA GONZALEZ DE GOMEZ, as surviving spouse
and personal representative of the Estate of Luis Gomez Ciprez,

    Plaintiff,

v.

ADAMS COUNTY,
ADAMS COUNTY SHERIFF'S OFFICE,
ADAMS COUNTY WORK RELEASE,
RICHARD A. REIGENBORN, in his individual and official capacities,
VINCENT E. SAUTER, in his individual and official capacities,
CORY A WILLS, in his individual and official capacities,
WELLPATH, and
JOHN DOES 1-10,

    Defendants.

---

# ORDER
---

This matter is before the Court on Magistrate Judge Wang's Recommendation (Doc. #35) that Defendant Wellpath's Motion to Dismiss (Doc. # 22) be granted. For the following reasons, the Court affirms and adopts Judge Wang's Recommendation.

## I.    BACKGROUND

This case arose from the death of Luis Gomez Ciprez. Mr. Gomez Ciprez suffered from a number of medical conditions – including cirrhosis of the liver, hepatic encephalopathy, and hypertension – for which he had been prescribed medications by his doctors. (Doc. # 1, ¶¶ 19, 21). In 2019, Mr. Gomez Ciprez pled guilty to a criminal

1

charge and was sentenced to a 120-day work release program through the Adams County Jail. (Doc. # 1, ¶¶ 2, 18-19). While Mr. Gomez Ciprez was serving his sentence, the Adams County Jail allegedly failed to provide him with his prescription medications. (Doc. # 1, ¶ 46). As a result, Mr. Gomez Ciprez was hospitalized and ultimately died. (Doc. # 1, ¶ 45).

Plaintiffs, Mr. Gomez Ciprez's surviving spouse and estate, sued various Adams County officials, alleging negligence, wrongful death, and violations Eighth and Fourteenth Amendments. (Doc. # 1, ¶¶ 52-80). Plaintiffs also sued Wellpath, the company that provides healthcare to the Jail's inmates. (Doc. # 1, ¶¶ 9, 25). Wellpath moved to dismiss the claims against it, arguing that Plaintiff had failed to state a claim for relief against Wellpath. (Doc. # 22). Judge Wang agreed and recommended dismissing the claims against Wellpath without prejudice. (Doc. # 35).

Neither party filed an objection to Judge Wang's Recommendation. However, about a month after Judge Wang issued her Recommendation, Plaintiffs filed a Motion for Leave to Amend their Complaint, along with a proposed Amended Complaint. (Doc. # 39). The Motion for Leave to Amend has been referred to Judge Wang for a recommendation. (Doc. # 40).

## II.    ANALYSIS AND CONCLUSION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly

objected to." F.R.C.P. 72(b)(3). In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Applying this standard, the Court concludes that Judge Wang's Recommendation is well-reasoned, and the Court finds no clear error in Judge Wang's Recommendation. Therefore, the Court AFFIRMS Judge Wang's Recommendation (Doc. # 35) and ADOPTS the Recommendation as an order of this Court. Defendant Wellpath's Motion to Dismiss (Doc. # 22) is GRANTED, and Plaintiffs' claims against Wellpath are DISMISSED WITHOUT PREJUDICE.

DATED: April 22, 2021

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge