IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01824-CMA-NYW

CELIA GONZALEZ DE GOMEZ, as surviving spouse
and personal representative of the Estate of Luis Gomez Ciprez,

    Plaintiff,

v.

ADAMS COUNTY,
ADAMS COUNTY SHERIFF'S OFFICE,
ADAMS COUNTY WORK RELEASE,
RICHARD A. REIGENBORN, in his individual and official capacities,
VINCENT E. SAUTER, in his individual and official capacities,
COREY A. WILLS, in his individual and official capacities, and
JOHN DOES 1–10,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on the Motion for Reconsideration filed by Plaintiff Celia Gonzalez de Gomez ("Plaintiff" or "the Estate"), as surviving spouse and personal representative of the Estate of Luis Gomez Ciprez [Doc. 46, filed September 14, 2021] that was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 11, 2020 [Doc. 11], and the Memorandum dated September 16, 2021 [Doc. 47]. Upon review of the Motion for Reconsideration; the Response to the Motion for Reconsideration filed by Defendant Wellpath [Doc. 48]; the entire docket; and the applicable case law, this court respectfully **RECOMMENDS** that the Motion for Reconsideration be **GRANTED IN PART** and **DENIED IN PART**; that the Second Motion

to Amend be **REINSTATED**; and that the Second Motion to Amend be **DENIED without prejudice**.[1]

## BACKGROUND

The factual background of this case has been described in detail in this court's Recommendation [Doc. 35] and the Order adopting the Recommendation [Doc. 41] entered by the presiding judge, the Honorable Christine M. Arguello, and therefore will not be recounted herein except as relevant to the instant Motion for Reconsideration. Luis Gomez Ciprez ("Mr. Gomez Ciprez") pled guilty to a criminal charge in 2019 and was sentenced, in relevant part, to a 120-day work release program through the Adams County Jail. [Doc. 1 at ¶¶ 2, 18, 19]. He was incarcerated at Adams County Detention Facility ("ACDF") and detained in the Work Release Unit. [*Id.* at 3, ¶ 2]. On July 17, 2019, on what should have been his last day in the work release program, Mr. Gomez Ciprez was hospitalized for elevated ammonia levels for a third and final time. [*Id.* at ¶ 45]. Upon admission to the hospital, he presented as confused and disoriented with ammonia levels greater than 200 umol/l—at least six times greater than average ammonia levels, which range between 9 and 30 umol/l. [*Id.* at ¶ 47]. His elevated ammonia levels were the

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge).

result of improperly administered medications. [*Id.* at ¶ 46]. Mr. Gomez Ciprez passed away a month later, on August 19, 2019. [*Id.* at ¶ 45].

The Estate initiated this action, through counsel, on June 22, 2020 against Defendants Adams County, the Adams County Sheriff's Office, the Adams County Work Release, Richard A. Reignborn, Vincent E. Sauter, and Cory Wills (collectively, the "Adams County Defendants") and Wellpath ("Wellpath"). [Doc. 1]. On August 28, 2021, the Adams County Defendants filed an Answer. [Doc. 21]. On September 4, 2021, Wellpath filed a Motion to Dismiss. [Doc. 22]. Shortly thereafter, on September 24, 2021, this court entered a Scheduling Order in this case, which included a deadline for the joinder of parties and amendment of pleadings of October 16, 2020; a discovery deadline of October 15, 2021; and a dispositive motion deadline of November 15, 2021. [Doc. 27].

On February 23, 2021, this court issued a Recommendation that Wellpath's Motion to Dismiss be granted and that Plaintiff's claims against Wellpath be dismissed without prejudice. [Doc. 35 at 30]. On March 9, 2021, Plaintiff filed a Motion for Leave to File Amended Complaint, which was subsequently stricken by Judge Arguello for failure to comply with the Local Rules. [Docs. 36-38]. On April 2, 2021, Plaintiff filed a second Motion for Leave to File an Amended Complaint (the "Second Motion to Amend") [Doc. 39], which was referred to the undersigned Magistrate Judge. [Doc. 40]. Then, on April 22, 2021, after the period for objection lapsed with no objection by filed either Plaintiff or Wellpath, Judge Arguello adopted the Recommendation concerning Wellpath's Motion to Dismiss in full and dismissed Plaintiff's claims against Wellpath without prejudice. [Doc. 41]. At that time, as noted by Judge Arguello, the Second Motion to Amend was still

3

pending, and Judge Arguello did not rule on the Second Motion to Amend as part of her Order. [*Id.* at 2-3].

Wellpath did not respond to the Second Motion to Amend. On August 13, 2021, in light of the dismissal of claims against Wellpath, this court denied the Second Motion to Amend as moot. [Doc. 45]. Plaintiff did not object to the August 13, 2021 Order pursuant to Rule 72 of the Federal Rules of Civil Procedure. Instead, on September 14, 2021, the Estate filed this instant Motion for Reconsideration, arguing that its case against Wellpath is not moot and that it should be allowed to amend its complaint against Wellpath as a matter of right. [Doc. 46 at ¶¶ 4, 7]. Wellpath responded, arguing that upon the adoption of the Recommendation, final judgment entered and all of Plaintiff's claims were dismissed. [Doc. 48 at 3]. Wellpath further argues that the statute of limitations on Plaintiff's claims expired as of August 19, 2021, and as a result, the Motion for Reconsideration should be denied. [*Id.* at 4].

## LEGAL STANDARDS

### I.  Motions for Reconsideration

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Yet, courts retain discretion to consider their interlocutory orders at any time prior to entry of final judgment. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008); Fed. R. Civ. P. 54(b). Though the court is not bound by the stricter standards set forth in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure for such motions, the court may utilize those standards in evaluating a motion for reconsideration. *See Trujillo v. Bd.*

4

*of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007) (unpublished). Generally, a motion for reconsideration is appropriate only if there is:

    1. an intervening change in controlling law;

    2. new evidence that was previously unavailable; or

    3. a need to correct clear error or prevent manifest injustice.

*Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); *accord Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (explaining that motions for reconsideration are appropriate when the court misapprehends the facts, a party's position, or the controlling law). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122-23 (10th Cir. 2005). Motions for reconsideration, however, are not an appropriate tool for revisiting issues already addressed or for asserting arguments that the movant could have asserted earlier but did not. *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020).

**II.   Motions to Amend**

As courts in this District have repeatedly observed, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014). Indeed, a Scheduling Order is an important tool used for the orderly preparation of a case for trial and to avoid surprise to the parties and to the court. *Id.* Accordingly, Rule 16(b)(4) of the Federal Rules of Civil Procedure expressly provides that "[a] schedule may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). The court repeated the same admonition in the Scheduling Order entered in this matter. [Doc. 27 at 16].

The purpose of the deadline to amend pleadings and join parties, as set out in a Scheduling Order, is to force the parties to prioritize their discovery to obtain the information necessary to know if amendment is required sooner rather than later. This also ensures that discovery proceeds in an orderly fashion. *See Valles v. Gen-X Echo B, Inc.*, No. 13-cv-00201-RM-KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013). Accordingly, when a party seeks to amend pleadings after the deadline set in the Scheduling Order, the court's consideration is subject to a two-prong analysis. First, the party must establish good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Only if the party establishes good cause does the court turn to whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* at 1242; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

## ANALYSIS

### I. This Court Erred in Dismissing the Second Motion for Leave to Amend as Moot.

Contrary to Wellpath's argument, final judgment of Plaintiff's claims did not enter when Judge Arguello adopted this Magistrate Judge's Recommendation. When Judge Arguello dismissed the claims against Wellpath without prejudice, the claims against the Adams County Defendants remained, as they had elected to file an Answer and had not moved to dismiss. [Doc. 21; Doc. 41]. Although Rule 54(b) allows a court to direct the entry of a final judgment as to one or more, but fewer than all, claims if the court expressly determines that there is no just reason for delay, Judge Arguello made no such

6

determination and did not direct entry of a partial final judgment. *See* [Doc. 41]. Indeed, Rule 58 of the Federal Rules of Civil Procedure clearly requires that a final judgment be "set out in a separate document," except in certain circumstances not applicable here. Fed. R. Civ. P. 58(a). No such separate document reflecting a partial final judgment is on the docket.

Instead, Judge Arguello's Order "[did] not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, Wellpath should have responded to the Second Motion for Leave to Amend no later than April 23, 2021. D.C.COLO.LCivR 7.1(d). Even without a response from Wellpath, this court could have considered the Second Motion for Leave "at any time after it is filed." *Id.* But it was error, albeit inadvertent, to rule on August 13, 2021 that the Second Motion for Leave was moot when there was no final judgment nor dismissal with prejudice as to Plaintiff's claims against Wellpath. [Doc. 45]. Instead, the court should have issued a substantive Recommendation.[2] Thus, this court concludes that reconsideration is proper to correct clear error.

For these reasons, this court respectfully **RECOMMENDS** the Motion for Reconsideration be **GRANTED in part**, insofar as the Motion seeks to reconsider the

---

[2] Under the precedent of the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions. *See MTGLQ Invs., LP v. Wellington*, 856 F. App'x 146, 155 (10th Cir. 2021) (unpublished). In these circumstances, this court does not apply the firm waiver rule because the interests of justice require review, given the lack of a substantive Recommendation.

7

denial of the Second Motion to Amend as moot, and that the Second Motion to Amend be **REINSTATED**.

## II.     Second Motion to Amend

Having recommended that the Motion for Reconsideration be granted, this court now turns to the substantive consideration of the Second Motion to Amend.  Although Wellpath did not respond to the Second Motion to Amend, it does argue in its Response to the Motion for Reconsideration that amendment of the Complaint would be futile because the Estate was not entitled to file an amended complaint as a matter of right and the statute of limitations has run.  [Doc. 48 at 5].

This court respectfully agrees that the Estate was not entitled to file an amended complaint as a matter of right.  A party may amend its pleading once as a matter of course within (1) 21 days of serving it, or (2) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Here, the Second Motion to Amend was filed on April 2, 2021—well beyond 21 days past the service of the original Complaint upon Wellpath on August 7, 2020 [Doc. 9] and the filing of the Motion to Dismiss pursuant to Rule 12(b)(6) by Wellpath on September 4, 2020 [Doc. 22].

This court now turns to whether Plaintiff should be granted leave to amend pursuant to Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Given the lack of Wellpath's written consent, the Estate must obtain leave from the court to amend.  Because the Second Motion to Amend was filed on April 2, 2021—after the deadline for joinder of parties and amendment of pleadings of October

8

16, 2020 set in the Scheduling Order, [Doc. 27 at 13]—this court must apply the two-prong standard from *Gorsuch,* 771 F.3d at 1240, as set forth above.

>  ***Good Cause***.   The determination of good cause under Rule 16 lies within the sound discretion of the court.  Fed. R. Civ. P. 16(b)(4).  The focus on whether good cause exists focuses the diligence of the moving party seeking leave; a party establishes good cause when she demonstrates that the deadline in the Scheduling Order could not have been met despite its diligent efforts.  *Pumpco,* 204 F.R.D. at 668.  A party's delay in performing the necessary pretrial preparation to recognize a claim does not satisfy Rule 16(b)'s good cause standard.  *See Colo. Visionary Acad. v. Medtronic, Inc*., 194 F.R.D. 684, 688 (D. Colo. 2000).

In the Second Motion to Amend, Plaintiff does not address the good cause standard at all.  [Doc. 39; Doc. 39-3].  Instead, it relies upon Rule 15 alone, arguing that "[a]llowing the Amended Complaint to be filed would allow for justice and efficiency." [*Id.* at 1].  But courts in this Circuit and around the country have recognized that the "good cause" standard of Rule 16(b)(4) is "much different" than the more lenient standard of Rule 15(a).  *Abraham v. WPX Prod. Prods., LLC*, No. CV 12-0917 JB/CG, 2016 WL 548251, at *14 (D.N.M. Jan. 25, 2016) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co*., 986 F. Supp. 959, 980 (D.S.C.1997) (citations omitted), *aff'd*, 129 F.3d 116 (4th Cir.1997)).  Unlike Rule 15(a), the good cause analysis does not focus on the bad faith of the movant, or the prejudice to the opposing party.  *Id.*  Rather, the question as to whether good cause exists focuses on the diligence of the moving party seeking leave; a party establishes good cause when it demonstrates that the deadline in the Scheduling Order could not have been met despite her diligent efforts.  *Pumpco,* 204 F.R.D. at 668.

9

There is simply no discussion of Plaintiff's diligence in this matter. Plaintiff does not explain why it could not have amended its Complaint as a matter of right or why it could not have sought amendment prior to the deadline of October 16, 2020 set by the Scheduling Order. *See generally* [Doc. 39; Doc. 39-3]. Nor is there any explanation as to how Plaintiff has been diligent in identifying the additional individual health care providers that it seeks to include in its Amended Complaint. [Doc. 39; Doc. 39-3; Doc. 39-2]. In addition, it is not evident from the proposed amendments that such facts could not have been alleged prior to the October 16, 2020 deadline, or even in the original Complaint, given Plaintiff's access to the medical records of Mr. Gomez Ciprez and to other unrelated cases to which it refers. [Doc. 39-2].

Plaintiff has been represented since the inception of this action, and it is not appropriate for this court speculate as to good cause or to craft unspoken arguments on Plaintiff's behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) (unpublished) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). Because Plaintiff has not "provide[d] an adequate explanation for any delay," *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), or otherwise raised any argument under Rule 16(b), this court finds that Plaintiff has failed to establish good cause to justify the amendment of the Scheduling Order. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (affirming denial of motion to amend where the movant made "no arguments to show good cause for late amendment of the pleadings"); *accord Strope v. Collins*, 315 F. App'x 57, 61 (10th

10

Cir. 2009) (unpublished) (affirming denial of a motion to amend where the movant failed to address the timeliness of the motion). Accordingly, the court does not reach the question of whether amendment is proper under Rule 15. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [the moving party] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."). For these reasons, the court respectfully **RECOMMENDS** that the Motion for Reconsideration, insofar as it can be read to seek leave to amend, be **DENIED**, and further **RECOMMENDS** that the Second Motion to Amend be **DENIED without prejudice**.

## CONCLUSION

For the reasons set forth herein, it is respectfully **RECOMMENDED** that:

(1) Plaintiff's Motion for Reconsideration [Doc. 46] be **GRANTED IN PART**, insofar as it seeks reconsideration of the denial of Plaintiff's Second Motion for Leave to File an Amended Complaint [Doc. 39], and that [Doc. 39] be **REINSTATED** for substantive review, and that the Motion for Reconsideration be **DENIED IN PART** in all other respects; and

(2) Plaintiff's Second Motion for Leave to File an Amended Complaint [Doc. 39] be **DENIED without prejudice**.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street,*

DATED:  October 6, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

*Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings of fact, conclusions of law, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).